**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**

**Alexandria Division**

|  |  |
|---|---|
| EDWARD WILSON, | ) |
| RAYMOND TY COLLINS, | ) |
|  | )Criminal Action No: 1:12-cr-00502 |
| Petitioners, | ) |
|  | )Civil Action No.: 1:15-cv-01287 |
| v. | )Civil Action No.: 1:15-cv-01294 |
|  | ) |
| UNITED STATES OF AMERICA, | ) |
|  | ) |
| Respondent. | ) |
|  | ) |

**MEMORANDUM OPINION**

THIS MATTER comes before the Court on Petitioners' Motions to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. As Petitioner Wilson and Petitioner Collins make identical arguments in their motions, the Court addresses them together herein.

**I. BACKGROUND AND PROCEDURAL HISTORY**

On November 29, 2012, Petitioner Wilson and Petitioner Collins were charged with conspiracy to distribute 5 kilograms or more of cocaine and 280 kilograms or more of cocaine base. Petitioner Collins was also charged with possession of a firearm in furtherance of a drug trafficking crime.

As part of the drug conspiracy, Wilson and Collins obtained and distributed cocaine and cocaine base. From 2009 to 2012,

Petitioner Wilson and Petitioner Collins were involved in the sale and distribution of illegal drugs in the Houston, Texas area. To facilitate cocaine trafficking, Collins operated a truck featuring a hidden compartment, which he used to store a pistol, cocaine, and cash. Wilson operated an Acura SUV with a similar hidden compartment. On April 12, 2011, Wilson delivered cocaine during a drug sale and accepted payment on behalf of Collins.

On March 26, 2012, Collins was arrested while driving Wilson's Acura SUV, in which officers found cocaine, approximately $35,000 in cash, and a .45 caliber handgun in the hidden compartment.

On February 26, 2013, a jury returned a verdict finding Wilson and Collins guilty of the charge of conspiracy to distribute 5 kilograms or more of cocaine and 280 kilograms or more of cocaine base. The jury also found Collins guilty of possession of a firearm in furtherance of a drug trafficking crime. On March 12, 2013, Wilson and Collins filed motions for a new trial, which were denied on May 31, 2013. On June 5, 2014, Wilson was sentenced to 240 months incarceration and a term of 10 years supervised release. Collins was sentenced to 240 months and 60 months incarceration to be served consecutively and terms of 10 years and 5 years of supervised release to be served

concurrently.  On June 12, 2013, Wilson and Collins noted their appeals from the denials of their motions for new trials.  On July 1, 2014, the U.S. Court of Appeals for the Fourth Circuit affirmed this Court's denials of the motions of Wilson and Collins, which decisions took effect on August 6, 2014.  Wilson and Collins did not file petitions for writ of certiorari.

Wilson and Collins filed the instant motions for relief under 28 U.S.C. § 2255 on October 5, 2015 and October 6, 2015, respectively.

## II. LEGAL STANDARD

A petitioner attacking his conviction or sentence pursuant to 28 U.S.C. § 2255 bears the burden of proving that at least one of four grounds justify relief: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" or (4) that the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a) (2008). The catch-all fourth category of non-jurisdictional, non-constitutional errors are cognizable under § 2255 only where the alleged error presents either "a fundamental defect which inherently results in a complete miscarriage of justice," "an omission inconsistent with the rudimentary demands of fair

procedure," or other "exceptional circumstances" that make the need for remedy apparent. See Hill v. United States, 368 U.S. 424, 428 (1962).

A motion pursuant to § 2255 "may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982) (internal citation omitted); see also Dragonice v. Ridge, 389 F.3d 92, 98 (4th Cir. 2004) (citing Frady, 456 U.S. at 164-65). Errors that should have been raised at trial or on direct appeal, but were not, are procedurally defaulted. Frady, 456 U.S. at 167-68.

There are three exceptions to the well-established procedural default rule. First, procedural default will not act as a bar to collateral relief where a petitioner demonstrates cause for the procedural default and actual prejudice therefrom. Frady, 456 U.S. at 167. Such an error must work to the "actual and substantial disadvantage" of the petitioner—not merely create a possibility of prejudice. Murray v. Carrier, 477 U.S. 478, 494 (1986) (quoting Frady, 456 U.S. at 170). Second, procedural default will not act as a bar where a petitioner can demonstrate actual innocence in either a capital case or a case in which a recidivist sentencing enhancement was applied. United States v. Mikalajunas, 186 F.3d 490, 494-95 (4th Cir. 1999). Third, procedural default will not act as a bar where a

petitioner brings a claim of constitutionally ineffective assistance of counsel. United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir. 1991).

In Strickland v. Washington, the U.S. Supreme Court held that the Sixth Amendment right to counsel includes the right to the effective assistance of counsel. 466 U.S. 668, 686 (1984). To establish a claim for ineffective assistance of counsel, a defendant must prove both that his counsel's conduct fell below an objective standard of reasonableness and that the deficient performance caused the defendant actual prejudice. Id. at 687-88, 691-92. "The defendant bears the burden of proof as to both prongs of the [Strickland] standard." United States v. Luck, 611 F.3d 183, 186 (4th Cir. 2010).

Under Strickland, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" 466 U.S. at 689. The Strickland standard is highly deferential to counsel. Id. at 686, 689, 690. The evaluation of a defense counsel's performance is made from his or her perspective at the time of the alleged error and in the light of all circumstances. Id. at 690.

To satisfy the second prong of the Strickland test, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. In other words, a defendant must affirmatively prove prejudice that is so serious as to have deprived him of a fair trial, a trial whose result is unreliable. See id. at 693.

"Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." Strickland, 466 U.S. at 700. Because "[t]he defendant bears the burden of proving Strickland prejudice," if a defendant fails to meet this burden, "a reviewing court need not consider the performance prong." Fields v. Attorney General of Maryland, 956 F.2d 1290, 1297 (4th Cir. 1992) (citing Strickland, 466 U.S. at 697).

## III. ARGUMENT

Wilson and Collins assert a single basis for relief under § 2255: that Wilson's defense counsel, Joan Robin, and Collins's defense counsel, Christopher Leibig, were constitutionally ineffective. Wilson and Collins assert with little elaboration that their defense attorneys did not adequately communicate with

them and conduct an adequate pretrial investigation, nor
adequately inform and advise them of the relevant circumstances
and likely consequences during the plea bargain process. These
claims are without merit.

Wilson and Collins concede that their defense attorneys
filed numerous pre-trial motions on their behalf. Nevertheless,
Petitioners assert that their defense attorneys "failed to
conduct an independent pretrial investigation" and "relied on the
government's case file to prepare" for the case. Petitioners
conclude that "without any kind of investigation, it was
impossible for" their counsel to prepare affirmative defenses.

Wilson and Collins also assert that they "made numerous
attempts to discuss" their cases with their attorneys, but their
attorneys were "unprepared to discuss in any meaningful way the
relevant circumstances and likely consequences" of their cases.
Wilson and Collins conclude that they were "wholly uninformed of
the relevant circumstances and likely consequences if [they]
pled guilty or proceeded to trial." These arguments fail both
prongs of the Strickland standard.

Turning first to the prejudice prong, Wilson and Collins
failed to show a "reasonable probability that, but for counsel's
unprofessional errors, the result of the proceeding would have
been different." Strickland, 466 U.S. at 694. They have not

borne their burden of affirmatively proving prejudice so serious as to have deprived them of a fair trial. See id. at 693. Rather, Wilson and Collins complain generally about the lack of "an independent pretrial investigation" with no allegation as to how the result of the proceeding would have been different had their defense attorneys proceeded specifically with such an additional investigation. They fail to state what exculpatory evidence or discovery materials could have been, but were not, obtained through additional investigation; or how these materials would have affected the outcome of their case.

Likewise, Wilson and Collins cannot plausibly claim to have been uninformed of the consequences of pleading guilty or proceeding to trial. From the beginning, Wilson and Collins were fully informed of the charges against them and the maximum penalties they faced for those charges at their Rule 5 initial appearances. See Fed R. Crim. P. 5(d)(1).

Moreover, Wilson and Collins do not raise any issue as to a plea that was foregone or not pursued, and do not describe any particular actions by their defense attorneys that would have resulted in a different outcome in this case. Ultimately, the decision to plead guilty or proceed to trial rests with the defendants alone. Wilson and Collins fail to show actual prejudice with respect to their defense attorneys' performance.

Nor have Wilson and Collins shown that the performance of each of their defense attorneys was deficient in any way. There is a strong presumption that the conduct of their defense attorneys was within the wide range of reasonable professional assistance. See Strickland, 466 U.S. at 689-90. Wilson and Collins fail to explain how any of their defense attorneys' acts fell below professional norms.

Wilson and Collins fault their defense attorneys for focusing on "the government's case file to prepare for" their case. In any case, the Government bears the burden of proving every element of the charges against a defendant. See, e.g., Old Chief v. United States, 518 U.S. 172, 199-200 (1997). Even accepting Wilson's and Collins's assertions regarding their defense attorneys' decision to focus on the Government's case, that decision is reasonable given the Government's burden and falls within the standards of professional conduct. Without any evidence to the contrary, this Court presumes that the decisions by Petitioners' defense attorneys were reasonable—especially where, as here, Wilson and Collins fail to show any likelihood that the outcome of the case would have been different given additional investigation.

Likewise, Wilson and Collins apparently fault their defense attorneys for their (Wilson's and Collins's) own decisions to

proceed to trial rather than plead guilty and seek lesser sentences. As a basic matter, a defendant is not constitutionally entitled to a plea agreement. See Weatherford v. Bursey, 429 U.S. 545, 561 (1977) ("there is no constitutional right to plea bargain; the prosecutor need not do so if he prefers to go to trial"). In any case, "a defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." Lafler v. Cooper, 132 S. Ct. 1376, 1385 (2012). Wilson and Collins have made no showing regarding a plea offer that did not come to fruition, nor how their defense attorneys' performances may have negatively affected any such offer or the ultimate outcome of the case.

## IV. CONCLUSION

Wilson and Collins fail to overcome the "strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689.

An evidentiary hearing is unnecessary. Accordingly, this Court must deny Petitioners' motions as substantively and procedurally barred.

An appropriate order shall issue.


CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
February 16, 2016